**Soloff & Zervanos, P.C.**
BY:   Drew P. Von Bargen, Esquire
457 Haddonfield Road, Suite 500B
Cherry Hill, NJ 08002
856-354-1175
Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN ROBINSON<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WILDWOOD,<br>CITY OF NORTH WILDWOOD,<br>MOREY'S PIER, INC.,<br>MOREY'S PIER LAND CORPORATION,<br>JOHN & JANE DOES 1-10 (Fictitious Persons), and<br>ABC, INC. 1-10 (Fictitious Entities)<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Karen Robinson, by and through her attorneys, Soloff & Zervanos, P.C., by way of Complaint and Jury Demand, alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Karen Robinson, is an adult female citizen of the Commonwealth of Pennsylvania, with a residential address of 993 Katie Circle, Royersford, PA 19468.

2. Defendant, City of Wildwood, is a municipality within the State of New Jersey, organized and existing under the laws of the State of New Jersey. The City of Wildwood maintains an address at 4400 New Jersey Ave., Wildwood, NJ 08260.

3. Defendant, City of North Wildwood, is a municipality within the State of New Jersey, organized and existing under the laws of the State of New Jersey. The City of North Wildwood maintains an address at 901 Atlantic Avenue, North Wildwood, NJ 08260.

4. Defendant, Morey's Pier, Inc. is a corporation duly organized and existing under and by virtue of the laws of New Jersey, with its principal place of business located at 3501 Boardwalk, Wildwood, NJ 08260.

5. Defendant, Morey's Pier Landmark Corporation, is a corporation duly organized and existing under and by virtue of the laws of New Jersey, with its principal place of business located at 3501 Boardwalk, Wildwood, NJ 08260.

6. Defendants John and Jane Does 1-10 and ABC, Inc. 1-10 are fictitious entities and/or persons that owned, operated, leased, controlled, possessed, managed, maintained, cared for, had custody of and/or were otherwise responsible for the boardwalk premises where Plaintiff fell on the boardwalk at, on, and/or near the Adventure Amusement Pier in Wildwood, NJ or North Wildwood, NJ.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sect. 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00.

## FACTS

8. Plaintiff incorporates by reference the averments contained above and below as though fully set forth herein.

9. This incident occurred at approximately 4:30 p.m. on or about June 10, 2023 at, on, and/or or near the Adventure Amusement Pier on the boardwalk in Wildwood, NJ or North Wildwood, NJ.

10. More specifically, Plaintiff was walking lawfully within the boardwalk premises described herein, as a business invitee, when she was caused to trip and fall to the ground due to a wooden board that was substantially raised, elevated and did not sit flush, causing injuries detailed more fully herein.

11. The aforesaid fall and injuries sustained by Plaintiff were foreseeable by the Defendants.

12. At all relevant times, the Defendants owned, operated, leased, controlled, possessed, managed, maintained, cared for, had custody of and/or were otherwise responsible for the boardwalk premises where Plaintiff fell, at, on, and/or near the Adventure Amusement Pier on the boardwalk in Wildwood, NJ or North Wildwood, NJ.

13. At all relevant times, the Defendants acted individually, jointly and/or severally and/or through their agents, servants, representatives, and/or employees who were all acting within the course and scope of their agency, servitude, representation, and/or employment of Defendants, and in furtherance of the Defendants' business or business dealings.

14. At all relevant times, it was the duty of the Defendants to keep and maintain the premises, described herein, in a good and safe condition, so that the premises would not constitute a menace, danger, nuisance, snare, and/or trap for persons lawfully on the premises.

15. At all relevant times, the ground surface of the boardwalk, at, on and/or near the Adventure Amusement Pier in Wildwood , NJ or North Wildwood, NJ was in a defective condition so as to constitute a dangerous and unsafe condition for persons walking lawfully thereupon.

16. The Defendants negligently and carelessly created these dangerous and unsafe conditions prior to the incident, allowed these conditions to form and exist for some time prior to the incident, and/or knew or should have known of these conditions prior to the incident.

17. The aforementioned incident and the resultant injuries and damages sustained by Plaintiff Karen Robinson were caused solely as a result of the negligence and carelessness of Defendants and was in no manner due to any act or failure to act on the part of the Plaintiff.

**COUNT I – NEGLIGENCE**
**Plaintiff v. All Defendants**

18. Plaintiff incorporates by reference the averments contained above and below as though fully set forth herein.

19. The negligence and carelessness of Defendants, individually, jointly and/or severally, and/or acting by and through their agents, servants, representatives, and/or employees, consisted of:

   a. Failing to maintain the premises where Plaintiff fell in a condition which would protect and safeguard the welfare of persons lawfully thereon;

   b. Failing to adequately and timely inspect the premises where Plaintiff fell to determine its conditions so as to repair any dangerous conditions thereon;

   c. Failing to care for, repair, replace, change, alter or otherwise correct the premises where Plaintiff fell in an adequate and timely manner;

   d. Failing to discover, anticipate, and/or prevent the dangerous and unsafe conditions of the premises where Plaintiff fell;

   e. Failing to warn persons using said premises of its dangerous and unsafe conditions;

    f.   Failing to maintain the premises where Plaintiff fell in a safe condition for persons lawfully upon the premises;

    g.   Failing to exercise the requisite due care to protect the health, safety and position of the Plaintiff prior to the incident;

    h.   Employing personnel who were not sufficiently qualified to inspect, maintain, care for, repair, replace, change, alter or otherwise correct the premises where Plaintiff fell prior to the incident;

    i.   Creating the dangerous conditions of the premises where Plaintiff fell;

    j.   Violating federal, state, county, city, and/or industry laws, ordinances, and/or codes regarding inspection, prevention, maintenance, installation, and/or repair of the area at issue; and

    k.   Failing to exercise the requisite degree of care required to safeguard the Plaintiff who was an invitee upon the premises.

20. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff was caused to suffer serious and permanent injuries, causing permanent loss of bodily function and permanent disfigurement, including but not limited to multiple tears of the left rotator cuff requiring surgical intervention with scarring, injuries of the neck, and injuries of her back, to her great detriment and loss.

21. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has and will continue to be forced to incur various financial and medical expenses in an effort to care for her injuries and damages.

22. As a direct and proximate result of the negligence and carelessness of the defendants,

Plaintiff has incurred medical expenses in excess of the New Jersey Tort Claims Act monetary threshold (i.e., $3,600).

23. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has been unable to perform and has been limited in performing many of her normal activities.

24. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered loss of employment wages and her earning capacity has been impaired.

25. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has experienced and continues to experience emotional and physical pain, suffering, inconvenience, embarrassment, mental anguish, loss of enjoyment of life, and loss of full participation in her daily activities.

**WHEREFORE**, Plaintiff demands judgment against Defendants, City of Wildwood, City of North Wildwood, Morey's Pier, Inc., Morey's Pier Land Corporation, John and Jane Does 1-10 and ABC, Inc. 1-10, individually and/or jointly and severally, in an amount in excess of $75,000.00, and for such sums of money as may reasonably compensate her in accordance with the laws of the State of New Jersey for her injuries and damages, interest, cost of suit, as well as any other damages this Honorable Court deems equitable and just.

                              **SOLOFF & ZERVANOS**

**BY:** /s/ *Drew P. Von Bargen*
                              **Drew P. Von Bargen, Esquire**

Dated: June 5, 2025